UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA S. HARPER,

    Plaintiff,

v.                                                           Case No. 8:18-cv-2329-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1962 and has past relevant work experience as an accounting clerk. (R. 99, 101). In April 2014, the Plaintiff applied for DIB, alleging disability beginning on January 22, 2010, due to anxiety, depression, fibromyalgia, carpal tunnel syndrome, degenerative disc disease, hip, pelvis, back, and knee

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

problems, and cervical and lumbar spine impairments. (R. 147, 269-71, 298). The Social Security Administration denied her application both initially and on reconsideration. (R. 146, 157).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on May 17, 2016. (R. 93-120). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. A vocational expert (VE) also testified.

In a decision dated August 22, 2016, the ALJ found that the Plaintiff: (1) was insured for DIB through December 31, 2011, and had not engaged in substantial gainful activity since her alleged onset date of January 22, 2010; (2) had the severe impairments of polyneuropathy, degenerative joint disease of the knees, and degenerative disc disease of the cervical and lumbar spines; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a wide range of sedentary work subject to some additional functional and environmental limitations; and (5) based upon the VE's testimony, could perform her past relevant work as an accounting clerk.[2] (R. 79-86).

Of particular relevance here, with respect to the Plaintiff's mental health, at step three of her analysis the ALJ considered the four areas of mental functioning—known as the "Paragraph B" criteria—used in the disability process for evaluating mental

---

[2] The bolded portion of the ALJ's vocational finding states that the Plaintiff was "capable of performing her past relevant work as an 'Accounting Clerk.'" (R. 85). The remainder of that section, however, states the opposite and appears to be a drafting error. (R. 86).

impairments.[3] The ALJ determined that the Plaintiff's alleged mental impairments did not satisfy the "Paragraph B" criteria for Listing 12.04 (affective disorder) and Listing 12.06 (anxiety-related disorder). (R. 80). In making this determination, the ALJ found that the Plaintiff had mild restrictions in activities of daily living and social functioning, but moderate difficulties in concentration, persistence, or pace. (R. 80-81). Based on this determination as well as the rest of her findings, the ALJ concluded that the Plaintiff was not disabled. (R. 86).

The Plaintiff requested review of the ALJ's decision, which the Appeals Council granted. (R. 252, 254-57). In affirming the ALJ's disability determination, the Appeals Council largely agreed with the ALJ's conclusions at steps one through four. (R. 8). The Appeals Council, however, disagreed with the ALJ's assessment as to the "Paragraph B" criteria. *Id.* Specifically, the Appeals Council found the ALJ's conclusion that the Plaintiff had no severe mental impairment incompatible with her determination that the Plaintiff had moderate difficulties in concentration, persistence, or pace. *Id.* The Appeals Council instead found that the Plaintiff had no more than mild difficulties in concentration, persistence, or pace and confirmed the ALJ's finding

---

[3] These four areas of mental functioning are "used to rate the severity of mental impairments at steps two and three of the sequential evaluation process" and "consist of: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation as defined under section 12.00C4." *Daniels v. Berryhill*, 2019 WL 438046, at *5 n.5 (M.D. Fla. Feb. 4, 2019) (citing 20 C.F.R., Part 404, Subpart P, Appendix 1).

3

of no severe mental impairments. *Id.*[4] Accordingly, the Appeals Council concluded that the Plaintiff was not disabled through her date last insured. (R. 10).

The Appeal Council did not subsequently elect to revise its decision and it therefore became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[5] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[6] Under this process, an ALJ must determine

---

[4] The Appeals Council noted that the "Paragraph B" criteria were revised on January 17, 2017, and evaluated the Plaintiff's functioning under the new criteria as well. (R. 8-9). In doing so, it concluded that the Plaintiff had no more than mild restrictions in each of the revised "Paragraph B" criterion. (R. 9).

[5] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[6] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

If a claimant is dissatisfied with an ALJ's decision, she may request that the Appeals Council review the action. 20 C.F.R. §§ 404.967, 416.1467. If the Appeals Council grants review, it may then affirm, modify, or reverse the ALJ's decision and remand the matter back to the ALJ. 20 C.F.R. §§ 404.970, 404.979, 404.981. In doing so, the Appeals Council must engage in a *de novo* evaluation of the record evidence, including any new and material evidence submitted to it that relates to the date on or before the ALJ's decision. 20 C.F.R. §§ 404.976, 404.979. The Appeals Council's

5

decision is binding unless it subsequently elects to revise it, and it is subject to judicial review in federal court as the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 404.984; *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether he applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). While the court accords deference to the Commissioner's factual findings, "no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The Plaintiff argues on appeal that the Commissioner did not properly consider her mental impairments and their impact on her ability to perform her past work as an accounting clerk. (Doc. 14 at 7-11). The Commissioner counters that the Appeals Council's decision is supported by substantial evidence and that, while the Plaintiff

complains about certain of the ALJ's findings, she fails to point to any error in the Council's *de novo* review and evaluation of her mental health issues. *Id.* at 11-15.

Upon thorough consideration of the record and the parties' submissions, the Court finds no cause for reversal or remand.

The Plaintiff's challenge to the Commissioner's decision largely focuses on the ALJ's conclusions about the Plaintiff's moderate difficulty in maintaining concentration, persistence, or pace and its effect on her ability to perform complex work-related tasks. (Doc. 14 at 8-9). The Plaintiff, however, overlooks the fact that the Appeals Council explicitly rejected the ALJ's findings in this regard. As such, the Plaintiff's efforts to attack the ALJ's reasoning as to her mental impairments are unavailing.

The Plaintiff's attempts to undermine the Appeals Council's decision fare no better. Although the Plaintiff describes the Council's methods as "mechanistic," *id.* at 9, she fails to offer any meaningful argument, contention, or citation to the record that calls into question the Council's conclusion that she had only mild difficulties in concentration, persistence, or pace. Despite the Plaintiff's urging to the contrary, the Court finds no error in the Council's assessment of her mental limitations. Indeed, as discussed below, such findings are supported by substantial evidence, and the Plaintiff fails to demonstrate otherwise.

As noted above, the Plaintiff lost her insured status for purposes of DIB on December 31, 2011, and thus was required to prove disability prior to that date. *Moore*, 405 F.3d at 1211; 42 U.S.C. §§ 416(i)(3), 423(a) & (c); 20 C.F.R. §§ 404.101, 404.130,

404.131. While the administrative process is inquisitorial, not adversarial, the Plaintiff bears the burden of proving she is disabled, and, consequently, is responsible for producing evidence in support of her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), 416.912(c)).

As both the Commissioner and the Plaintiff tacitly accede, the record relating to the Plaintiff's mental health during the relevant period is limited. In fact, the evidence from this time frame consists of the treatment records and the November 2011 medical source statement of the Plaintiff's primary care physician, Dr. John Miles. (R. 433-35, 931-40, 943-50). Dr. Miles's notes from 2010 and 2011 reference the Plaintiff's diagnosis of depression and treatment with Effexor but do not include any mental status examinations or indicate that the Plaintiff reported any psychological symptoms. (R. 931-40, 943-50). In his medical source statement, Dr. Miles stated that the Plaintiff was diagnosed with major depression and opined that she was incapable of low-stress jobs. (R. 433-35).

At step four of the sequential evaluation process, the ALJ—and the Appeals Council by its adoption of the ALJ's step-four finding in its entirety—acknowledged Dr. Miles's opinions but gave them little weight. (R. 8, 83-84). To support its finding that the Plaintiff's mental impairments were non-severe, the Appeals Council instead relied on the opinions of two state agency consulting psychologists, Drs. Barbara Lewis and Frances Martinez. (R. 8). Drs. Lewis and Martinez reviewed the Plaintiff's disability claim in 2014 and found insufficient evidence to establish a mental impairment during the relevant period. (R. 152-53, 163-64). Finding these opinions

"congruent with the totality of the medical evidence on record," the Appeals Council accorded them great weight. (R. 8).

The Plaintiff does not challenge the Commissioner's assessment of the opinions of Dr. Miles or the two consulting psychologists, Drs. Lewis and Martinez. In the absence of such a challenge and based upon its review of the record, the Court finds no reversible error in the Commissioner's determination that the Plaintiff's mental impairments were non-severe and had no functional impact upon her ability to perform work-related tasks. To the contrary, the Commissioner satisfied his duty to evaluate the severity of the Plaintiff's mental impairments, as well as to assess any work-related mental limitations in arriving at the Plaintiff's RFC.

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 16th day of August 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record